**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:
THOMAS HERMAN ERTL, JR.               CASE NO.: 10-40588-LMK
f/d/b/a ERTL CUSTOM HOMES, INC.       CHAPTER 7
f/d/b/a MAGNOLIA PARK
DEVELOPMENT, INC.
f/d/b/a ZURICH PUBLISHING, INC.

                Debtor.
_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **SECURED CREDITOR,** Wells Fargo Bank, National Association, successor by merger to Wachovia Bank, National Association ("MOVANT"), by and through its undersigned attorney, hereby Moves for Relief from the Automatic Stay pursuant to 11 USC §362(d), and in support states as follows:

1. On June 18, 2010, the above Debtor filed a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code.

2. Jurisdiction in this cause is granted to the Bankruptcy Court pursuant to 28 USC §1334 and 11 USC §362, and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Court generally.

3. On February 23, 2007, the Debtor, Thomas H. Ertl, Jr., executed and delivered a promissory note and a mortgage securing payment of the note to Amnet Mortgage, Inc., d/b/a American Mortgage Network of Florida.  The property described in the mortgage then owned by and in possession of the mortgagor.  See attached Exhibit "A."

4. The mortgage secures the following real property located in Walton County, FLORIDA, to wit:

**UNIT "A" OF EMERALD WATERS OF FRANGISTA I, A TOWNHOME CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 2742, PAGE 814, OF THE PUBLIC RECORDS OF WALTON COUNTY, FLORIDA, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS, IF ANY, APPURTENANT THERETO, SUBJECT TO AND IN ACCORDANCE WITH THE COVENANTS, CONDITIONS, RESTRICTIONS AND OTHER PROVISIONS OF SAID DECLARATION.**

**A/K/A:  1795 Scenic Gulf Drive, Miramar Beach, FL  32550**

5. The MOVANT respectfully requests that the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Movant for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the MOVANT.

6. In support of this Motion for Relief from Automatic Stay, under §362(d) of the Bankruptcy Code, MOVANT would show that it would be inequitable to permit the debtor to retain the collateral, that there is no equity in the collateral and that said collateral is not necessary for an effective reorganization of the Debtor.

7. MOVANT submits that lack of adequate protection in this cause is the appropriate ground for relief which Movant seeks under §362(d), and that the possible existence of equity over and above the indebtedness, which MOVANT denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code. Additionally, Movant would show that its indebtedness continues to accrue interest which the Debtor enjoys the benefit of the collateral without following the requirements of the Bankruptcy Code.

8. MOVANT is receiving no payments from the Debtor to protect Movant against the erosion of its collateral position and MOVANT is not otherwise protected.

9. If MOVANT is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

10. The unpaid principal balance due is in the amount of $1,470,000.00.

11. The Debtor intends to surrender the collateral.

12. The contractual due date is August 1, 2007.

13. The value pursuant to the Broker Price Opinion is $730,000.00 and is attached hereto as Exhibit "B."

**WHEREFORE, PREMISES CONSIDERED,** MOVANT prays that the Debtor be cited to appear herein; that upon Final Hearing (if necessary) the Court enter an Order modifying the Automatic Stay under 11 USC §362(d), to permit MOVANT to take any and all steps necessary to exercise any and all rights it may have in the collateral described hereinabove, and to gain permission of said collateral, together with such further relief and this Honorable Court deems just and appropriate.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, this 26th day of August, 2010.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Northern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

09-25775 - CN - B10001

SERVICE LIST
Thomas Herman Ertl, Jr.
9025 Magnolia Hill Dr.
Tallahassee, FL  32309

Allen Turnage, Esq.
Law Office of Allen Turnage
P.O. Box 15219
2344 Centerville Rd., Ste. 101
Tallahassee, FL  32317

Sherry Chancellor
Law Office of Sherry F. Chancellor
619 West Chase Street
Pensacola, FL  32502

U.S. Trustee
110 E. Park Ave., Ste. 128
Tallahassee, FL  32301

**Andrew L. Fivecoat, Esq.**
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Telephone: (813) 221-4743
Facsimile: (813) 221-9171

By:    /s/ Andrew L. Fivecoat, Esq.
Andrew L. Fivecoat, Esq.
Florida Bar No.:  0122068